UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE L. SANTANA, CDCR #AH-0190, <br><br> Plaintiff, <br><br> vs. <br><br> R. ZHANG, et al., <br><br> Defendants. | Case No.: 3:16-cv-00105-GPC-JMA <br><br> **ORDER:** <br><br> **(1) DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [ECF No. 33]** <br><br> **AND** <br><br> **(2) GRANTING EXTENSION OF TIME TO FILE AMENDED COMPLAINT** |

JOSE L. SANTANA ("Plaintiff"), a prisoner incarcerated at Richard J. Donovan Correctional Facility ("RJD"), proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983, has filed a Motion for Reconsideration of this Court's September 15, 2016 Order (ECF No. 33).

Plaintiff claims the Court abused its discretion when it dismissed his Eighth Amendment claims against more than twenty RJD officials sua sponte pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (*Id.* at 2-3.) He further seeks a "stay of the time limits" for filing an Amended Complaint pending the outcome of his Motion. (*Id.* at 3.)

1

## I. Procedural History

On March 22, 2016, the Court granted Plaintiff leave to proceed IFP and found his Complaint "contain[ed] Eighth Amendment medical care claims sufficient to overcome the 'low threshold' for surviving the initial sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b)." (ECF No. 3 at 5.) Therefore, the Court directed the U.S. Marshal to effect service on Plaintiff's behalf pursuant to 28 U.S.C. § 1915(d) and FED. R. CIV. P. 4(c)(3), but also cautioned him that the "sua sponte screening [required by 28 U.S.C. §§ 1915(e) and 1915A] is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] m[ight] choose to bring." (*Id.* at 5 n.5 *citing Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007)).

Defendants Hood and Butera, both doctors employed by Alvarado Medical Center, were served first (ECF No. 5, 6), and they filed Motions to Dismiss pursuant to FED. R. CIV. P. 12(b)(6) (ECF Nos. 8, 10). On September 15, 2016, the Court granted Defendant Hood and Butera's Motions (ECF No. 28). At the same time, and upon further review of Plaintiff's Complaint and all attached exhibits, the Court also found a sua sponte dismissal of the remainder of Plaintiff's claims against all other named, but yet-to-be served Defendants was required by 28 U.S.C. § 1915(e)(2)(B)(ii). (ECF No. 28 at 26.) Therefore, the Court granted Plaintiff 45 days leave to amend as to *all* parties, but cautioned that his failure to file an Amended Complaint in compliance with the Court's instructions would result in a final dismissal of the entire case without further leave to amend. (*Id.* at 33.)

After the Court issued its September 15, 2016 Order, previously named Defendants Suleiman, Glynn, Kaestener, Wallace, Walker, Chau, Garcia, Silva, Casian, Wenzel, Zhang, and Manning filed waivers of personal service via the U.S. Marshal as to Plaintiff's original, but since dismissed Complaint pursuant to FED. R. CIV. P. 4(d) (ECF

///

///

///

Nos. 16-27.).[1]

On November 15, 2016, after the period permitted for amendment elapsed, but before the Court could entered a final Order dismissing his entire action for failure to state a claim, Plaintiff filed a Motion for Reconsideration of the Court's September 15, 2016 Order (ECF No. 33).

## II.     Plaintiff's Motion for Reconsideration

### A.     Plaintiff's Arguments

In his Motion, Plaintiff concedes the Court properly dismissed his claims against Defendants Hood and Butera. (ECF No. 33 at 2.) Plaintiff objects, however, to the extent the Court "took it upon itself" to further dismiss his claims as to the remaining Defendants, who had not been served at the time, but many of whom have since been served with his original Complaint. (*Id.*) Plaintiff seeks reconsideration of the Court's September 15, 2016 Order claiming it was an "abuse of discretion" to conduct "multiple screenings" of his Complaint pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff instead insists the Court should have left it to the "attorneys of the defendants to raise whatever defenses they choose." (*Id.* at 3.) Finally, Plaintiff asks the Court to "stay the time limits" in which to submit his Amended Complaint. (*Id.* at 4.)

### B.     Standard of Review

An order that resolves fewer than all of the claims among the parties "is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." FED. R. CIV. P. 54(b); S.D. CAL. CIVLR 7.1.i (authorizing applications for reconsideration of "any motion … for any order or other relief [that] has been made to any judge and has been refused in whole or in part…"). Where reconsideration of a non-final order is sought, the court has "inherent jurisdiction to modify, alter or revoke it." *United States v. Martin*, 226 F.3d 1042, 1048-49 (9th Cir.

---

[1] Summonses were previously returned unexecuted as to Defendants Benitez, Steward, and Robinson (ECF Nos. 12-14).

2000). Generally courts consider reconsideration appropriate, however, only if there has been an intervening change in controlling law, new evidence has become available, or it is necessary to correct clear error or prevent manifest injustice. *See Sch. Dist. No. 1J Multnomah County, Oregon v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993) (citing FED. R. CIV. P. 59(e)).

First, Plaintiff's Motion is untimely whether the Court considers it under either Local Rule 7.1.i or Rule 59(e) (applying to final judgments), because both require filing within 28 days "after the entry of the ruling, order or judgment sought to be reconsidered." S.D. Cal. CivLR 7.1.i; FED. R. CIV. P. 59(e); *see also Cachil Dehe Band of Wintun Indians of Colusa Indian Cmty. v. California*, 649 F. Supp. 2d 1063, 1069 (E.D. Cal. 2009). Plaintiff's Motion was filed on November 10, 2016—more than 28 days after the Court's September 15, 2016 Order.

Second, even if Plaintiff's Motion were timely, it lacks merit because he has failed to point to new evidence or any change in the controlling law governing his Eighth Amendment claims. *Sch. Dist. No. 1J Multnomah County*, 5 F.3d at 1263. Instead, Plaintiff merely argues that that the Court "abused its discretion" by sua sponte screening and dismissing the remainder of his claims when it ruled on Defendant Hood and Butera's FED. R. CIV. P. 12(b)(6) Motions. (ECF No. 33 at 2). The Court's authority to do so, however, is clearly mandated by 28 U.S.C. § 1915(e)(2), which provides that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court *shall* dismiss the case *at any time* if the court determines that—(B) the action or appeal—(ii) fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii) (emphasis added); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 n.10 (9th Cir. 2000) (noting that "Congress inserted § 1915(e)(2) into the in forma pauperis statute, and we must follow this clear statutory direction."); *Chavez v. Robinson*, 817 F.3d 1162, 1167 (9th Cir. 2016) ("[T]he statute [28 U.S.C. § 1915(e)(2)(B)] mandates dismissal—even if dismissal comes before the defendants are served."). Ultimately, a party seeking reconsideration must show "more than a disagreement with the Court's

4

3:16-cv-00105-GPC-JMA

decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *United States v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

### III.     Conclusion and Order

Based on the foregoing, the Court **DENIES** Plaintiff's Motion for Reconsideration (ECF No. 33).

To the extent Plaintiff further seeks a "stay of the time limits" to submit his Amended Complaint, the Court construes his request as a Motion for Extension of Time and **GRANTS** him an additional **45** days from the date of this Order to file an Amended Complaint that cures all the deficiencies of pleading identified in the Court's September 15, 2016 Order (ECF No. 28). Plaintiff's Amended Complaint must be complete by itself, and must comply with both FED. R. CIV. P. 8(a) and S.D. Cal. CivLR 8.2.a (requiring § 1983 complaints filed by prisoners to be "legibly written or typewritten on forms supplied by the court and signed by the plaintiff," attached to which "additional pages [may] not exceed fifteen (15) in number.").

The Court further **DIRECTS** the Clerk of Court to provide Plaintiff with another blank copy of its form Civil Rights Complaint pursuant to 42 U.S.C. § 1983 for Plaintiff's use in amending. Plaintiff must title his pleading as his "Amended Complaint" and include Civil Case No. 16-cv-0105-GPC-JMA in its caption. If Plaintiff *does not* file an Amended Complaint, the Court will enter a final Order dismissing this action without further leave to amend based on his failure to state any claim upon which relief may be granted, and his failure to amend in compliance with the Court's Orders. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into a dismissal of the entire action.").

///
///
///

If Plaintiff *does* timely file an Amended Complaint, the Court **ORDERS** all previously named and served Defendants to file a responsive pleading within **30** days of its filing. *See* FED. R. CIV. P. 12(a)(4)(a).

**IT IS SO ORDERED**.

Dated:  February 16, 2017

Hon. Gonzalo P. Curiel
United States District Judge