UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE SANTANA, CDCR #AH-0190,<br><br>         Plaintiff,<br><br>vs.<br><br>RONALD ZHANG, et al.,<br><br>         Defendants. | Case No. 3:16-cv-00105-GPC-JMA<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM AND FOR FAILING TO PROSECUTE IN COMPLIANCE WITH COURT ORDERS REQUIRING AMENDMENT** |

  JOSE SANTANA ("Plaintiff"), proceeding pro se, and incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 14, 2016, claiming that medical officials at RJD and two doctors at the Alvarado Medical Center (Butera and Hood) acted with deliberate indifference to his serious medical needs, specifically, a methicillin resistant staphylococcus aureas infection, which developed and recurred over the course of two years in violation of the Eighth Amendment. (ECF No. 1 at 21-37.)

  Plaintiff also alleged pendent state law claims of medical negligence and malpractice in violation of Cal. Govt. Code §§ 845.6 and 815.2, and the California Constitution, Art I, §§ 15, 17. (*Id.* at 37-48, 50-51.) He sought declaratory and injunctive

relief, as well as nominal, presumed, and punitive damages. (*Id.* at 52-53.)

I.    **Procedural Background**

On September 15, 2016, the Court granted Defendant Butera's and Hood's Motions to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6), sua sponte dismissed Plaintiff's Eighth Amendment claims as to all remaining RJD defendants for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A, and declined to exercise supplemental jurisdiction over his state law claims pursuant to 28 U.S.C. § 1367(c)(3). (*See* ECF No. 28 at 33.) This dismissal was without prejudice, and Plaintiff was granted 45 days leave in which to amend. (*Id.*) *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (noting that leave to amend should be granted when complaint is dismissed sua sponte under § 1915 "if it appears at all possible that the plaintiff can correct the defect.").

Plaintiff was explicitly cautioned that should he fail to amend within the time granted, "his case [would] be dismissed without further leave to amend." (ECF No. 28 at 133, *citing Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into a dismissal of the entire action.")).

On November 15, 2016, after the period permitted for amendment elapsed, but before the Court could entered a final Order dismissing his entire action for failure to state a claim, Plaintiff filed a Motion for Reconsideration of the Court's September 15, 2016 Order (ECF No. 33).

On February 16, 2017, the Court denied Plaintiff's Motion, but granted him an additional 45 days leave, or until approximately April 3, 2017, in which to file his Amended Complaint. (ECF No. 34 at 5.) Again, Plaintiff was warned that his failure to amend within that time would result in dismissal. (*Id.*)

More than three months have passed since the Court's February 16, 2017 Order, and an additional thirty days have elapsed since Plaintiff's Amended Complaint was due. However, he has filed no Amended Complaint, and has not requested any additional

extension of time in which to do so. *See Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004) ("The failure of the plaintiff eventually to respond to the court's ultimatum–either by amending the complaint or by indicating to the court that [he] will not do so–is properly met with the sanction of a Rule 41(b) dismissal.").

## II. Conclusion and Order

Accordingly, the Court **DISMISSES** this civil action in its entirety without further leave to amend based on Plaintiff's failure to state a claim upon which § 1983 relief can be granted, and his failure to prosecute pursuant to FED. R. CIV. P. 41(b) in compliance with the Court's September 15, 2016, and February 16, 2017 Orders (ECF Nos. 28, 34).

The Court further **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) and **DIRECTS** the Clerk to enter a final judgment of dismissal and to close the file.

**IT IS SO ORDERED**.

Dated: May 18, 2017

Hon. Gonzalo P. Curiel
United States District Judge